# MUNICIPAL CORPORATIONS—CONTRACTS.

[Defiance (5th) Circuit Court].

Norris, Day and Mooney, JJ.

\*DEFIANCE (CITY) v. COUNCIL OF DEFIANCE ET AL.

1. ACTION BY CITY SOLICITOR UNDER SEC. 1777, REV. STAT.

An action to restrain a municipal corporation from paying money to a water company in pursuance of a contract, claimed to be illegal, to pay hydrant rentals for fire purposes is properly brought under Sec. 1777, Rev. Stat., by the city solicitor, inasmuch as if the contract is illegal, the payment would be a "misapplication of the funds of the corporation" and also "a performance of a contract made in behalf of the corporation in contravention of the law."

2. CONTRACT NOT REQUIRING CERTIFICATE UNDER SEC. 2702, REV. STAT.

A contract entered into between a city and a water company, by which the city agrees to pay hydrant rentals for water for fire purposes for thirty years, is not void upon the ground that no certificate was made by the clerk, under Sec. 2702, Rev. Stat., that there are funds in the city treasury, sufficient to satisfy the amount falling due under the contract for the full period of thirty years.

3. CONTRACT INVALID WITHOUT RATIFYING VOTE.

Under Secs. 2435-46, Rev. Stat., 83 O. L., 146, authorizing cities of the fourth grade of the second class to contract with a water company for a period not exceeding twenty years, and Sec. 2434, Rev. Stat., requiring such contracts to be ratified by a vote of the electors thereof, an affirmative or ratifying vote of the electors is required to validate any such contract for twenty years as well as for a greater period. Therefore a contract by the city of Defiance to pay money for the use of fire hydrants for a period of thirty years without being ratified by an affirmative vote of its electors, is void.

4. CANNOT BE SCALED DOWN IN YEARS.

A contract entered into by a municipal corporation with a water company for a period of thirty years without a vote of electors ratifying the same, as required by Secs. 2435-46 and 2434, Rev. Stat., is absolutely void and cannot be scaled down in years to establish its validity.

5. CITY NOT ESTOPPED BY ACTS UNDER THE CONTRACT.

The fact that a city council entered into a contract with a water company to furnish water for fire purposes, for a period greater than the statute permits without a vote of ratification by the electors thereof, made payments thereon and passed ordinances and resolutions to carry out such contract, does not estop the city, by its solicitor, from maintaining an action to enjoin the further performance of such contract.

6. COMPANY CHARGED WITH KNOWLEDGE OF CITY'S POWER.

An individual company or corporation in making a contract with a city council to furnish water for fire purposes for a period beyond which the council had the power to contract, is bound to know the extent of the power of such body and cannot be said to have relied to its prejudice upon any action of the council therein ; and a water company having served a municipal corporation for ten years under an illegal contract, and having received full pay therefor, cannot be heard to complain of a termination of the contract ; and if the bondholders of such a company stand upon a more favorable position on the question of estoppel than the company itself occupies, this fact cannot be urged, in behalf of the company, in an action in which such bondholders are not parties.

---

\* For decision of the circuit court of the United States involving this contract, holding the contract valid for twenty years, see Defiance Water Co. v. Defiance, 12 O. F. D., 299.

7. CONTRACT RAISED BY PLEADINGS—JUDGMENT.

  In an action under Sec. 1777, Rev. Stat., to restrain the officers of a municipal
    corporation from making payments to a water company, alleging that the
    claims are illegal, and the invalidity thereof arises from the invalidity of the
    contract with the city, which is denied by the water company, claiming as
    assignee under a contract with another person, and that the city, having
    induced such company to complete the contract, is estopped, a determination
    of the issue requires a consideration of the contract, which is sufficiently
    raised by the pleadings, and if its illegality appears judgment on the plead-
    ings should be granted.

APPEAL.

Geo. T. Farrell, city solicitor, and H. B. Harris, for plaintiff.

Henry & Robert Newbergin, for defendant water company.

MOONEY, J.

This action comes into this court on appeal from the court of com-
mon pleas. The action is brought under Sec. 1777, Rev. Stat.

The petition avers as follows, in substance, that it is a petition by
the city solicitor in behalf of the city, under Sec. 1777, Rev. Stat., to
restrain the city council from paying to the Defiance Water Company
the sum of $3,142.50, claimed by the water company to be due it from
the city for the six months prior to January 1, 1898, for hydrant rentals
for fire purposes. The ground of the complaint is that the rental of
such hydrants by the city was under a contract named in the petition
and that the contract is illegal, for the reason that the term of the con-
tract is for thirty years, and that it was not ratified by vote of the people,
and also for the reason that it does not appear that at the time the con-
tract was entered into in August, 1887, funds were certified by the city
clerk to be in the city treasury sufficient to satisfy the amount falling
due for hydrant rentals for the full period of thirty years thereafter, the
term of the contract.

To the petition stating these facts there was filed in this court by
the defendant water company, an answer which denies the specifications
contained in the petition as illegal, and for a further defense it avers,
substantially, that there was a contract entered into between the council
of the city of Defiance and one Bullock, and that the water company
has succeeded to all the rights of Bullock under this contract, and that
this succession resulted from a financial embarrassment, resulting in
those creditors becoming stockholders in proportion to the indebtedness
due from said Bullock; that Bullock assigned the contract to the cor-
poration; that the city induced the corporation to continue and complete
the construction of the plant; that the corporation completed the plant
and that the plant was duly tested in accordance with the terms of the
contract, and satisfactorily stood the test on March 5, 1889; the works
were then accepted by the city council. That the actual cost of the

7   O. C. C.—13-23.

construction of the plant, together with the extension made from time to time, and existing at the time of the commencement of this action was $196,000. That bonds were issued to the creditors of said Bullock and were received by them relying upon the revenues to be derived from the city under this contract to pay interest and principal on said bonds, and without said income the bonds cannot be paid by the company. That the city, for some time prior to the commencement of this action, was using, from the time of the test to the beginning of this action, the water being plied from one hundred and thirty hydrants at forty dollars per year, and thirty-one additional hydrants at thirty-five dollars per year. That said city now has possession and control of said hydrants, and refuses to surrender such possession. That at all times since the test and acceptance of said work, the water company has fully complied with its duties under said contract, so far as the city is concerned, and has rendered bills semi-annually, all of which, with the exception of one bill, have been paid in full; and as to this one bill all has been paid thereof excepting five hundred dollars, which amount is in dispute between the parties, but the dispute is not on the ground of the invalidity of the contract. That this action has been brought by the city solicitor at the instance of the city council, and by collusion of that body for the sole purpose of evading the payment of the claim. For all these and many other matters not set out it is averred that the city should not now be heard to assert the invalidity of the contract, in question, if there is in fact any invalidity.

It is further averred that there is another action between the water company and the city in the circuit court of the United States for the northern district of Ohio, in which it is by the company sought to collect the rentals from the city, and that an adverse ruling here as to the contract would prevent a recovery by the company in that suit.

Plaintiff replies at great length and takes issue with defendant anew as to the validity of the contract, the sufficiency of the test and performance by the company as claimed in the answer.

The first question is whether this action is properly brought by the solicitor under Sec. 1777, Rev. Stat. That section reads as follows: " He shall apply in the name of the corporation, to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the corporation, or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinance governing the same, or which was procured by fraud or corruption. And he shall likewise whenever an obligation or contract made on behalf of a corporation granting a right or easement or creating a public duty, is being evaded or violated, apply for the forfeiture or the specific performance of the

Defiance (City) v. Council.

same as the nature of the case may require. And in case any officer or board fails to perform any duty expressly enjoined by law or ordinance, he shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty."

Without discussion or extended comment, we are of the opinion that if the cause of action stated in the petition, exists, this action is maintainable by the solicitor under this section ; for if the contract is invalid, and is illegal and the city council is about to pay money under that contract to the water company, we think that such payment is both a " misapplication of the funds of the corporation," and also " a performance of any contract made in behalf of the corporation in contravention of the law." For, under this contract as averred, the performance of the city consists in the making of the payments from time to time.

It is averred in the petition and claimed in argument, that the alleged contract here is void for the reason that no certificate was made by the city clerk, under the provisions of Sec. 2702, Rev. Stat. It was held by this court in the case of Lima Gas Works v. Lima, 2 Circ. Dec., 396 (4 R. 22), and also in the Tiffin Water Works case, decided by this court in December, 1900, and not reported, and in other cases, that Sec. 2702, Rev. Stat., does not apply to contracts of the kind here in question. Any other construction of that section, or any other holding here, would be fraught with such absurd consequences as, it mu t be believed, the legislature, even in the haste and whirl of its closing hours, never could have intended.

It is claimed that the contract is invalid because not ratified by the vote of the electors of the city, and because the term of the contract as expressed in it is thirty years.

At the time the contract was entered into the act of May 12, 1886, 83 O. L., 146, Bates' Rev. Stat., Sec. 2435–46, *et seq.*, was in force, and that act is as follows : " Be it enacted by the general assembly of the state of Ohio, that all cities of the fourth grade of the second class in which water works are now erected, constructed and existing, or in which they may hereafter be erected, whether such water works are owned by an incorporated company or by an individual or individuals, shall have power to contract with such company, owner, or owners of such water works for supply of water for fire purposes, streets, squares and other public places within the corporate limits, and for supplying the citizens of such municipal corporation with water, or any or either of them for a term not exceeding twenty years."

At the same time the act of January 29, 1885, 82 O. L., 11, Sec. 2434, Rev. Stat., was in force and is as follows : " Any municipal corporation, except cities of the first grade of the first class, shall have

power to contract with any individual or individuals, or any other incorporated company, for supplying water for fire purposes, or for cisterns, reservoirs, streets, squares and other public places within the corporate limits, or for the purpose of supplying the citizens of such municipal corporation with water for such time, and upon such terms as may be agreed upon. Provided, that no such contract shall be executed or binding upon any such municipal corporation until the same shall have been ratified by a vote of the electors thereof, at a special or general election, and such municipal corporation shall have the same power to protect any such water supply and prevent the pollution thereof as though such water works were owned by said municipal corporation."

Assuming that both these sections may exist and be in full force side by side, then the rendering would be that Defiance, on August 7, 1887, could make a contract of this nature with the owners of the water works plant, for a term not exceeding twenty years thereafter, through its council and without ratification by the electors, but that if a longer term was agreed upon, then the contract would not be binding until ratified by vote, as provided in Sec. 2434, Rev. Stat., which is the act set out in Sec. 2435, Rev. Stat., 82 O. L., 11. A longer term was agreed upon, and the contract in our opinion did therefore require the ratifying vote of the electors, unless the contract can be scaled down to twenty years. It remains to be said, however, that in the opinion of the majority of the court under the two sections heretofore referred to, it would require an affirmative or ratifying vote on the part of the electors in order to validate the contract for twenty years, as well as for any greater period.

We are of the opinion that this last question as to scaling down to twenty years is settled by the decision of our Supreme Court in Wellston v. Morgan, 59 Ohio St., 147 [52 N. E. Rep., 127]. We can see no valid ground to distinguish the Wellston v. Morgan case, from the case at bar. It is true that in Wellston v. Morgan, the gas company was the plaintiff and sought affirmative relief. This relief was denied upon the ground that the contract for ninety-nine years when one for ten years only was authorized to be made, was absolutely void. If to the company as plaintiff the contract is void, we are not able to see why the same result should attend the assertion of the contract as defendant, or the same results not attend the pleading of the same facts by the solicitor (representing the taxpayers), and against both the council and the company. Placing upon the statute cited the construction most favorable to the water company (here), we find that the contract before us was invalid because not ratified by a vote of the electors as required by Sec. 2434, Rev. Stat.

Is the solicitor suing in the name of the city estopped to set up these facts? We think not, for the reason set out in the opinion of Bradbury, J., in Lancaster v. Miller, 58 Ohio St., 558, 575 [51 N. E. Rep., 52]: " The evils against which these restrictive statutes are directed are municipal extravagance and the negligence and indifference of municipal officers. They were designed for the protection of municipal taxpayers generally, as well as to guard against excessive special assessments against property to pay for local improvements. The mischief arising from municipal prodigality and the growth of municipal debts that attended thereon, called loudly for an efficient remedy. These restrictive statutes are the answer to that call. They embody that principle of sound public policy which seeks to enforce economy in the administration of public affairs. The judicial tribunals of the state should administer these laws so as to advance the purpose thus sought to be accomplished. Contracts made in violation of these statutes should be held to impose no corporate liability. Persons who deal with municipal bodies for their own profit should be required at their peril to take notice of limitations upon the powers of these bodies which these statutes impose.

" The corporation should not be estopped by the acts of the officers to set up these statutes in defense to contracts made in disregard of them. It would be idle to enact those statutes, and afterward permit their practical abrogation by neglect or other misconduct of the officers of the municipality. If such effect should be given to such acts of municipal officers it would defeat the operation of the statutes. The strict enforcement of these provisions may occasionally cause instances of injustice; it is possible that municipal bodies may secure benefits under a contract thus declared void and refuse to make satisfaction. In the nature of things, however, these instances will be rare. Those who deal with public agencies entrusted with the management of municipal affairs, usually experience liberal treatment. Such agencies are not stimulated to acts of injustice by cupidity. Self-interest, that great motive to over-reaching, is absent. If, however, cases of hardship occur, they should be attributed to the folly of him who entered into the invalid contract. The gateways of municipal prodigality should not be left wide open, because an attempt to narrow them may cause an occasional instance of seeming hardship."

If we are right in our conclusion that a vote of ratification is required, then the contract is invalid, not because the council was unwilling, but because the council however willing has not the power to contract to bind the city. Would it not be singular to say that the council cannot by its direct action bind the city by this contract, but by indi-

rection, by passing other ordinances and resolutions, and by making payments from time to time, that which it could not do by one ordinance, what it is forbidden from doing directly by one ordinance, it may indirectly accomplish by passing two or three or any greater number of ordinances. This legislation may require concurrence of a majority of the council with a majority of the voting electors, where the question is submitted, and inasmuch as the council had not the power to make this contract directly we hold it did not have the power by indirection to estop the city.

The water company could not have relied to its prejudice upon any action by the council in this behalf. It was dealing with a public board, and was bound to know the extent of the power of the board. The service of the city for ten years was no detriment to the company. It was paid from time to time and full payment is not detriment.

If the bondholders as such occupy any more favorable position upon the question of estoppel than the company does, it remains only to be said that the bondholders are not now before the court, and the water company has no standing here to urge any matter peculiar to and affecting only the bondholders.

It is urged by counsel that the pleadings are not sufficient to raise any question as to this contract. We do not so read the pleadings. The invalidity of the water company's claims is said to arise from the invalidity of the contract, under which the claim is made. This issue absolutely requires a consideration of the contract. Whether the defendant water company may recover for water furnished at its fair value is not now before the court, and it is therefore both unnecessary and improper to express any opinion as to that question. Sufficient unto each lawsuit are the issues thereof.

Upon the whole case we are satisfied and therefore hold that the alleged contract between the city of Defiance and the water company referred to was never of any legal force or any validity, and the city in this action is not estopped to assert its invalidity as against the defendants here.

It follows, therefore, that when the defendants closed their case and when the plaintiff moved for judgment, the motion should have been made and is now sustained.

The ruling of the motion for judgment renders it unnecessary to pass upon defendant's objections to the testimony offered by plaintiffs in rebuttal.

The motion of plaintiff for judgment is sustained.

Finding and judgment for plaintiff as prayed. A perpetual injunction is granted; costs to the defendant water company; judgment for costs and case remanded for execution.